1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHAD ANDRE CHRISTENSEN,                    Case No.  2:24-cv-2088-JDP (P)

12              Plaintiff,

13        v.                                     ORDER

14   SACRAMENTO COUNTY SHERIFF
     DEPARTMENT,
15
                Defendant.
16

17

18        Plaintiff, former county inmate proceeding pro se, filed a complaint alleging that

19   defendant Sacramento County Sheriff Department placed him in a holding cell filled with

20   sewage.  Because the complaint fails to properly allege a cause of action against defendant, I will

21   dismiss the complaint and give plaintiff an opportunity to amend.  I will also grant plaintiff's

22   application to proceed *in forma pauperis*, which makes the required showing.

23                        **Screening and Pleading Requirements**

24        A complaint must contain a short and plain statement that plaintiff is entitled to relief,

25   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

26   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

27   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

28   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

                                            1

1   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

2   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

3   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

4   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

5   n.2 (9th Cir. 2006) (en banc) (citations omitted).

6        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

7   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

8   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

9   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

10  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

11  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

12  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

14       Plaintiff alleges that after he returned to the Sacramento County Jail from court on July 9,

15  2024, the holding cell where he was placed contained sewage and fecal matter.  ECF No. 1 at 3.

16  He remained in the holding cell for two to three hours.  *Id.*  The complaint only names

17  Sacramento County Sheriff Department as a defendant.

18       The complaint does not state a claim against defendant.  To state a *Monell* claim against

19  the Sacramento County Sheriff's Department, the complaint must allege that (1) plaintiff was

20  deprived of a constitutional right; (2) the Department has a policy, custom, or practice which

21  amounted to deliberate indifference to that constitutional right; and (3) the policy, custom, or

22  practice was the moving force behind the constitutional violation.  *See Dougherty v. City of

23  Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S.

24  658, 694 (1978)).  "[A] local government may not be sued under § 1983 for an injury inflicted

25  solely by its employees or agents."  *Monell*, 436 U.S. at 694.  Instead, a local government may be

26  sued when an employee who committed a constitutional violation was "acting pursuant to an

27  expressly adopted official policy, longstanding practice or custom, or as a final policymaker."

28  *Thomas v. Cnty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (citing *Monell*, 436 U.S. at

694).  The complaint makes no allegations that defendant has a policy, custom, or practice that was the moving force behind plaintiff's alleged constitutional violation.

Plaintiff may file an amended complaint.  He is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2.  Plaintiff's complaint is dismissed with leave to amend.

3.  Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4.  Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5.  The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:    November 7, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE